Crane *v.* Bedwell et al.

| 25 | 507 |
| f91 | 504 |

JEREMIAH W. CRANE *vs.* JAMES W. BEDWELL et al.

It is a well settled principle, that a sheriff acting in such capacity has no authority to receive money without an operative execution in his hands. If he does receive it without operative legal process, his acts are not binding upon the plaintiff, unless he acted in the character of a private agent of the plaintiff. 2 S. & M. 269; Ib. 284.

If an agent acts without legal authority, it is the duty of his principal to disavow his acts when first informed of them.

In error from the circuit court of Clarke county; Hon. W. P. Harris, judge.

This was a motion made in the circuit court of Clarke county, to set aside an entry of satisfaction, made by a former sheriff upon a *fieri facias*, upon the ground that the return was false. The *fieri facias* was returnable to October term,

1847, of Clarke circuit court, and the motion was made at October term, 1848, one year after the return day of the writ.

This motion was overruled.

The proof shows, that the payment was made to Lee, then sheriff, before the execution was placed in his hands.

Isham Moody proves the payment of the money to Lee. Charles W. Moody, the circuit clerk of Clarke county, proves, that about the middle of January, 1847, Crane, the plaintiff, applied to him for an execution in the case, which witness declined to issue; but informed plaintiff, that one of the defendants had promised to pay the judgment at a special probate court, to be holden between the 1st and 15th of February, 1847; plaintiff replied, that if defendants so paid the money, "well and good;" "that he had instructed Mr. Lee what to do, that is, to pay his attorneys each $100, and retain the balance." Witness also promised if the money was not so paid, to issue the execution as plaintiff had requested. He proves that the money was duly paid, as promised, at said probate court, to said Lee. About two weeks after the April term, 1847, witness informed plaintiff that the money had been paid to Lee, and how it had been paid, and plaintiff went straightway to obtain the money from Lee.

James Lee, who received the money and made the return, proved the payment of money to him, as proved by Moody, and that, before the execution came to his hands, plaintiff directed him, "if the defendants paid the money as they said they would, without execution, to pay his attorney's fees, and keep the balance for him;" that plaintiff called on him for a settlement of the matter before the execution issued, when witness had the money in hand, except the amount paid for attorney's fees; and witness then informed plaintiff of the kind of money he had received, and plaintiff made no objection to the kind of money; but the only reason why they could not come to a settlement was, that plaintiff objected to receiving the attorney's receipts for their fees in the case. Afterward, plaintiff got out the execution, and witness entered it satisfied.

McDougald, plaintiff's attorney, proves, that plaintiff did,

shortly after the judgment, and before execution issued, author-ize Lee to receive the money.

*T. J.* and *F. A. R. Wharton,* for appellant.

This court has so often decided, that a sheriff is authorized to receive only gold and silver in payment of executions in his hands, (unless differently instructed by the plaintiff,) that a reference to the cases is all that is necessary on that point. *Planters Bank* v. *Scott,* 5 How. 246; *Morton* v. *Walker,* (Jan-uary, 1843,) Opinion Book, 332; 9 J. R. 263; 1 Cow. R. 46; 4 Ib. 553; 6 Ib. 465; 2 S. & M. 514; 11 Ib. 289; 7 Ib. 467; 8 Ib. 493.

It is urged, that the return of satisfaction on the execution is conclusive on the plaintiff, and he is estopped from inquiring into its truth, his only remedy being against the sheriff. We submit that the following authorities establish the contrary doctrine. 5 How. 624; 7 Ib. 408; 3 S. & M. 271; 2 Wend. R. 416; 5 Ib. 207; 9 J. R. 263; 7 Ib. 477–499; 13 Ib. 121; 8 Ib. 364; 2 How. (U. S.) R. 244.

The reference to the cases cited in 3 Phil. Evid. (Cow. & Hill's notes,) 1087, does not conflict with, or vary the rule laid down in the above authorities.

Two positions are taken to sustain the action of the court below, in overruling the motion of the plaintiff to set aside the return of satisfaction on the execution as false, and for the issuance of an *alias fieri facias.*

1st. That Lee, in receiving the money which was paid, was not acting in his official character as sheriff, but as special agent of the plaintiff, and as such, plaintiff can only look to him in case he violated instructions.

2d. That if not special agent for the plaintiff in receiving the money, there being no execution in his hands at the time, that there was a subsequent acquiescence by the plaintiff after being informed of the kind of money received, which would discharge the defendants from further liability.

We say neither position is sustained by any evidence which appears in the record. The proof, affirmatively, rests on the defendants. The fact, that there was no execution in the hands

43 *

of the sheriff when the money was paid, in the absence of any explanatory evidence, establishes the fact that the defendants paid in their own wrong. This court has frequently decided, that the sheriff has no authority to receive money on an execution after the return day has elapsed, nor upon a judgment where there is no execution in his hands. The defendants having paid the money to the sheriff when there was no execution in his hands, are liable on an *alias fieri facias*, unless the sheriff acted as agent for plaintiff, or that the plaintiff afterwards acquiesced in his acts; in either event, the defendants, who rely on those matters, must prove such agency or acquiescence; no presumption will be indulged in their favor.

No sufficient tender of the money by the sheriff to plaintiff is proved. The proof is, that the money was twenty miles off. Against all those indisputable facts, conclusively disproving agency, in the first instance, in the sheriff, and acquiescence in his acts by the plaintiff, the only thing adduced is, that plaintiff was silent when told by the clerk of the kind of money, and only objected to the amount paid the attorney when informed by the sheriff. That silence is broken and explained by the immediate order for an execution. But the defendants, on whom it rests to prove affirmatively acts and declarations of plaintiff amounting to agency and acquiescence, ask the court to infer such agency and acquiescence from silence.

*Duffield*, on the same side.

*George L. Potter*, for appellee.

It is clear, that, under the circumstances, plaintiff cannot treat the payment as null. The fact of agency is fully proven; and plaintiff ratified the payment, even if made without authority, by afterward demanding the money from Lee, as he had no right to do if Lee was not his agent.

The long acquiescence of plaintiff is also conclusive against him. His neglect to notify defendants in due time that he would not accept the notes, and his failure to tender them back at all, are fatal to his cause.

There is no conflict between the evidence of Lee and the

other witnesses, as suggested by counsel for plaintiff. Moody does not say that plaintiff did not see Lee; he proves that Lee came to town, and that plaintiff remained there, "waiting for Lee to pay the money." This does not imply that he had not seen Lee, nor, indeed, could Moody pretend to prove a fact that he could not know. So as to McDougald; he only proves the original instructions of plaintiff to Lee, and says nothing to show that plaintiff was dissatisfied with the payment in bank notes. We think the payment was good, and a satisfaction of the judgment. The court, therefore, did not err in sustaining the motion, made *ore tenus* by defendants on trial of the motion, to enter satisfaction of the judgment.

We insist, further, that the return of satisfaction was conclusive against the plaintiff in execution, and that his only remedy was against the sheriff. The truth of the return could not be inquired into by the party. See numerous cases cited in 3 Phil. Ev. (Cowen & Hill's notes) 1087, &c.

Mr. Justice YERGER delivered the opinion of the court.

In October, 1846, a judgment was rendered in the circuit court of Clarke county, in favor of Crane against the defendants in error. On the 30th of April, 1847, an execution was issued on this judgment, and the sheriff returned that he had received on the same the amount of the principal, interest, and costs.

A motion was made to set aside that return, which was overruled by the court, and an order made on motion of the defendants, entering satisfaction of the judgment.

The proof in the case is very clear, that the sheriff never received any money from the defendants in this suit, while he had in his hands an execution against them. It is equally clear, that in February, 1847, before any execution came into the hands of Lee, as sheriff, the defendants paid to him, for the plaintiff, the amount of the judgment rendered against them in October, and took the receipt of Lee for the same. This payment was made principally in notes of the Bank of Mobile, at that time a specie paying bank.

It is well settled, that a sheriff, as sheriff, has no authority to

receive money without an operative execution in his hands. If he does so receive it, his acts are unofficial and not obligatory upon the plaintiff, unless he acted in the character of private agent of the plaintiff. 2 S. & M. 269; Ib. 284.

The payment, therefore, made to Lee in this case, does not bind the plaintiff, and is no satisfaction of the judgment, unless it was received by the direction and the consent of the plaintiff. If so received by him, the plaintiff is bound by it, as the act of his agent.

On this point the proof is satisfactory, leaving no doubt that Lee acted under the direction of the plaintiff in receiving the money, when he had no execution in his hands.

Lee proves that before any execution came into his hands, the "plaintiff directed him, if the defendants paid the money, as they said they would, without execution, to pay his attorneys their fees, and to keep the balance in his hands for him." Moody, the clerk of the court, proves that in January, 1847, Crane applied to him for an execution on the judgment, and that he then told Crane he did not think an execution could issue until after the April term, 1847, because the defendants had a right till then to except to the opinion of the court given in vacation, overruling their motion for a new trial, and so no execution was then issued. Moody, at the same time, told Crane that the defendants had sent word that they would pay the judgment at the special term of the probate court, in February, which witness believed they would do. To this Crane replied, "that if they came and paid the money, it was well and good; that he had instructed Mr. Lee what to do; that is, to pay his attorneys each $100, and retain the balance, and if the money was not paid at that time, that witness should issue an execution and he would risk it." This testimony leaves no doubt but that Crane authorized Lee to receive the money without an execution, because he knew that none would have issued if the defendants paid it at the special term of the probate court, which they did.

It is true, that James McDougald proves that Crane directed Lee to take nothing but gold and silver in payment of that part of the judgment in which he was interested; but that, as

he o,wed his attorneys two hundred dollars, to that amount he could take any money they would receive. Looking upon Lee as the private agent of the plaintiff, these instructions, not having been communicated to defendants, do not authorize the plaintiff to disregard the action of his agent in receiving the notes of the Bank of Mobile. But if it be conceded that he had a right to disavow the acts of his agent in this particular, it was his duty to have done so when first informed of it, and to have notified the defendants thereof. This he never did. On the contrary, it is proved, that when informed by Lee of what he had done, he made no objection to the kind of money received, but declined settling with Lee, because Lee claimed as a credit the sum of $275 paid to the attorneys of plaintiff, and for which he held their receipt.

Let the judgment be affirmed.