E. T. SHERMAN et al. VS. CITY OF GRENADA.

MUNICIPAL CORPORATIONS: *Liability for the unauthorized acts of its officers or agents.*

A municipal corporation cannot be made liable for the illegal acts of its officers or agents, unless those acts are done under its authority previously conferred, or are subsequently ratified. As a general rule a corporation is not responsible for the unlawful acts of its officers or agents, though done *colore officii*. To make them liable it must appear that they were expressly authorized to do the acts by the corporate authorities, or that they were done *bona fide*, in pursuance of a general authority to act for the corporation on the subject to which they relate; or that in either case the act was adopted or ratified by the corporation.

ERROR to the Circuit Court of *Grenada* County.

Hon. A. DAVIS, Judge.

The opinion of the court contains a minute statement of all the material facts presented by the record in this case.

The following errors are assigned:

1. The court erred in holding that a municipal corporation

proper cannot be made liable in an action sounding in tort for the trespass committed by its officers and agents.

2. The court erred in refusing to set aside the judgment and grant a new trial in said cause.

*J. M. Ellis,* for plaintiff in error:

Insisted on the liability of defendant in error for the damages, cited and commented upon the following authorities: 1 Dill. Mu. Corp., § 10; 2 id., § 761–3; 3 id., 761–4; id., 766, 770, 772; Acts 1874, p. 140: 2 Dill., 772; White *v.* City Yazoo, 5 Cush., 357; Sheldon *v.* Kalamazoo, 24 Mich., 383; id., 386; Charter, § 12; Thayer *v.* Boston, 19 Pick., 511; Clark *v.* Washington, 12 Wheat., 40; Allen *v.* Decatur, 23 Ill., 332; Lee *v.* Sandy Hill, 40 N. Y., 442; Nichols *v.* Boston, 98 Mass., 39; Rochester W. L. Co. *v.* City of Rochester, 3 N. Y., 465; Detroit *v.* Corey, 9 Mich., 165; Pennoyer *v.* Saginaw City, 8 Mich., 534; Yarborough *v.* Bank of England, 16 East, 6; Smith *v.* Birmingham Gas Co., 1 Adolf & Ellis, 526; Baker *v.* Boston, 12 Pick., 184; 19 id., 515; Sutton & Dudley *v.* Board Police, 41 Miss., 236; 1 Dill., 39; 2 id., 761–3; Code 1871, § 413; 6 Cush., 601; 47 Miss., 377; 50 Miss., 601.

*Golladay & Freeman,* for defendant in error:

Insisted that the corporation is not liable, in the case presented, and cited the following: Askew *v.* Askew, 49 Miss., 301; N. O., J. & G. N. R. R. Co. *v.* Evans, 49 Miss., 785; Dejarnett *v.* Haynes, 1 Cush., 601; 5 How., 654; 35 Miss., 223; Dill. Mu. Corp. §§ 766 to 772 inclusive; Charter approved March 28, 1872, § 12; 1 Metc., 284; 98 Mass., 219; Sutton *v.* Board of Police, 41 Miss., 239; 38 Conn., 90; 108 Mass., 208; 16 Gray, 297; 1 Allen, 101; 29 Ind., 187; 3 Caldw., 205; N. O., J. & G. N. R. R. Co. *v.* Harrison, 48 Miss., 112; 6 Ala., 327; 7 Gray, 464; M. E. Church *v.* City of Vicksburg, 50 Miss., 601; 13 S. & M., 656; id., 599; 36 Miss., 458.

TARBELL, J., delivered the opinion of the court.

The plaintiff in error sued the city of Grenada before a justice of the peace in a plea of trespass for the recovery of damages to

real estate.   Summons was executed upon the mayor; the declaration alleged damages to the amount of $150; issue was joined, and trial had without objection to the jurisdiction of the magistrate.   Judgment was rendered for the plaintiff before the justice, when the defendant appealed to the circuit court, where a jury was waived, and the judge found for defendant.   A motion for a new trial was overruled, and thereupon a writ of error was prosecuted.   The facts are briefly these:   Plaintiffs were the owners of a lot of land in Grenada; E. G. Payne was city marshal, and as such, overseer of streets.   The following order was made by the mayor and aldermen of the city: "That a committee of two be appointed street commissioners to act in conjunction with the marshal to examine the streets and ascertain what work is immediately necessary, with power to let the same, either by public or private contract, and to report such action to this board, and are authorized to use the mule and cart, and all tools belonging to the corporation."   Under this order the mayor appointed Messrs. Bridges and Stevenson, members of the board of aldermen.   The marshal, in conjunction with Stevenson, proceeded to work the streets of Grenada, and in so doing, they entered upon the lot of plaintiff, and dug and carried away therefrom about eighty cart loads of soil for the repair and improvement of said streets.   This is the trespass complained of.   Plaintiffs testified that they had demanded of the board of mayor and aldermen, the return of the soil so taken from said lot, or the payment of the same, which was refused by said board, they saying the city was not liable for a trespass committed by its officers, and that if plaintiff had been injured they must look to the marshal immediately for redress. The following order of the board was also given in evidence: " Ordered that the street commissioners examine the condition of lot No. 38, east ward, belonging to E. T. Sherman, and ascertain what damage he has sustained by the removal of dirt by Marshal Payne, and report to the next meeting of this board."   Upon the question of damages there was a wide range of opinion, varying for the plaintiffs from $25 to $150, while others declared the

lot had been improved by the removal of the soil.  It is contended in argument for the plaintiffs in error that trespass will lie against a municipal corporation for the acts of its officers and agents ; or, if wrong in this general proposition, that in this case there is evidence of authority and ratification.  The authorities cited have been examined, and if understood, they are uniform in the doctrine that municipal corporations "cannot be made liable for the illegal acts of its officers and agents, unless those acts are done under its authority previously conferred, or one subsequently ratified."  This is the language of the court in Perley v. Georgetown, 7 Gray, 464.  In Sheldon v. Kalamazoo, 24 Mich., 383, the marshal acted under the express directions of the village board.  The doctrine of that case is, that a municipal corporation is liable to an action for an invasion of private property, unlawfully and forcibly taken for a way, under directions of the corporation board of trustees and corporate officers.  The rule is very plainly stated in Thayer v. Boston, 19 Pick., 511.  "As a general rule, the corporation is not responsible for the unauthorized and unlawful acts of its officers though done *colore officii*.  It must further appear that they were expressly authorized to do the acts by the city government, or that they were done *bona fide* in pursuance of a general authority to act for the city on the subject to which they relate; or that in either case the act was adopted and ratified by the corporation."

And this is the universal rule, repeatedly recognized in this state.  Leggett v. Simmons, 7 S. & M., 348 ; Lamar v. Williams, 39 Miss., 342 ; McCoy v. McKowen, 26 id., 487 ; Exum v. Brister, 35 id., 391 ; Newell v. Cowan, 30 id., 492 ; Baker v. Byrne, 2 S. & M., 193 ; Planters Bank v. Sharp, 4 id., 75 ; Garvin v. Lowry, 7 id., 24 ; Crane v. Bedwell, 25 Miss., 507 ; and cases cited in Geo. Dig., tit., Principal and Agents.  See, also, Judge v. Meredian, 38 Conn., 90, and the numerous cases cited in 2 Dill., § 752 *et seq.*

In the case at bar there is no evidence, either of authority or ratification ; the first order was to let the repairs of the streets to

be done by contract, but the commissioners proceeded to do the work themselves; in doing which they committed the unauthorized trespass. The second order simply directs a committee to examine and report. Where demand was made of payment, or a return of the soil, the acts of the street commissioners were repudiated. There is no evidence of knowledge and acquiescence on the part of the mayor and aldermen, while the trespass was being committed. Nor is there evidence of acceptance and ratification by assuming control over the street with its repairs, by the soil taken from the lot of plaintiffs in the action. Unfortunately for the rights of the plaintiff, the proof stops short of acts showing ratification. If the city had the benefit of the soil from plaintiff's lot, and did not return it, as probably it could not, and continued to use it and exercise authority and control over it, this would probably be a ratification. At any rate, there have unquestionably been acts of the city authorities from which a jury might infer adoption and ratification. As now presented, the case is clearly distinguishable in its facts from that of the M. E. Church v. The City of Vicksburg, 50 Miss., 601.

Referring to the record, the judgment of the court sitting as a jury, was in these words: "Thereupon, the court found the issue in favor of the defendant." A motion for a new trial was made in the words following: "The court found contrary to the law and evidence, in this, that the city of Grenada was not liable for trespass committed by its officers and agents, to wit, the marshal of said city." This motion was overruled. In the bill of exceptions, the judgment, a verdict of the judge or court, a jury having been waived, is thus stated: "The court held that the city of Grenada was not liable for a trespass committed by its officers and agents."

Although the finding is general, it may be assumed to have been upon the distinct ground that the corporation was not liable for the unauthorized trespass of the street commissioners. And here the exact character of this case may be more distinctly stated than heretofore, with advantage: 1. The street commis-

sioners were ordered to examine the condition of the streets, let contracts and report. 2. Although not so ordered, they proceeded to work the streets. 3. In repairing the streets they committed the trespass complained of; this was not in the line of their duty. It was without authority or direction of the mayor and aldermen. Knowledge of the trespass on the part of the mayor and aldermen is not shown. The street commissioners, without orders or authority, deliberately and of their own volition, went outside their line of duty, entered, without the consent of the owners, upon a lot, from which they hauled soil for the repair of the streets. 4. When called upon, the mayor and aldermen repudiated the trespass, and an investigation and report were directed. 5. Whether the repairs were adopted by the city authorities, and the acts of the street commissioners thus ratified, does not appear. They have probably done so, but this cannot be presumed. Upon the case presented, by the record, the judgment of the court below is clearly right. To review the authorities as to the doctrine of *respondeat superior*, which in cases draw a distinction between agents and officers, where the liability of municipal corporations for the acts of its agents or officers depends upon its charter or other legislative enactments, or in cases of torts arising from the negligence of officials in the line of duty, would only serve to confuse and embarrass the simple case made by the record.

Judgment affirmed.