## G. C. CHANDLER, ADMR., ETC. v. CITY OF BAY ST. LOUIS.

1. MUNICIPAL CORPORATION. *Warrants. Fraudulent alteration. Negligence.*
   A municipal corporation is not liable for the increased face value of warrants drawn upon its treasury, which the clerk of its council has fraudulently raised after issuance, although the failure of its officers to draw lines through the spaces enabled the alteration to be made so skilfully as to prevent detection by purchasers in good faith.

2. SAME. *Nature and assignability. Void if unauthorized.*
   City warrants, which are mere certificates of amounts due parties to whom they are issued and a means of adjusting and paying the same, though transferable under our statute, possess none of the elements of commercial paper, and impose no liability on the municipality further than they are authorized by law.

3. SAME.  *Non-liability for its officers' crimes and torts.*
   While municipal officers may render themselves personally liable by
   crimes or torts committed *colore officii*, they impose no liability on
   the corporation unless expressly authorized or subsequently ratified,
   or done in pursuance of a general authority over the subject-matter.

APPEAL from the Circuit Court of Hancock County.

Hon. J. S. HAMM, Judge.

*G. C. Chandler*, the appellant, *pro se.*

Any maker of a negotiable obligation for the payment of money is responsible to innocent holders for value, if by his negligence a third party raises it to a greater amount so skilfully as to excite no suspicion in the mind of a prudent person, and if there is nothing on the face of the paper or in the character of the person selling to put a purchaser on his guard.  The person who commits the fraud is primarily liable, and if he is insolvent the party whose negligence contributed to the loss is responsible to the innocent holder.  *Orleans* v. *Platt*, 99 U. S. 676 ; *Merchants' Bank* v. *State Bank*, 10 Wall. 604, 646 ; *Barnes* v. *Ontario Bank*, 19 N. Y. 152 ; *Farmers and Mechanics' Bank* v. *Butchers and Drovers' Bank*, 14 N. Y. 623 ; *Meade* v. *Merchants' Bank*, 25 N. Y. 143.  The principle has been affirmed in England, and under the civil law.  *Young* v. *Grote*, 4 Bing. 253 ; *Isnard* v. *Torres*, 10 La. An. 103 ; *Helwege* v. *Hibernia National Bank*, 28 La. An. 520.  In *Espy* v. *Bank of Cincinnati*, 18 Wall. 604, while it is held that money paid on a raised check may be recovered back where neither party is in fault, the rule is strongly stated that if either has been guilty of negligence or carelessness by which the other has been injured, the negligent party must bear the loss.  The warrants being negotiable by virtue of the statute (Code 1871, §§ 2227, 2228), the rules governing such paper apply.  This suit is not to recover damages for an officer's tort, but to make good the loss of an innocent holder of negotiable paper. Municipal corporations, like natural persons, are liable for neglect of their agents.  Shearman & Redfield on Negligence, §§ 135, 136, 137.  In the exercise of private and ministerial powers, they act as individuals.  1 Potter on Corporations, §§ 374, 376, 382, 392.  They are liable for the illegal exercise by their authorized agents of powers which

they possess. *Adsit* v. *Brady*, 4 Hill, 630 ; *Mayor of New York* v. *Furze*, 3 Hill, 612. The issuance of warrants on the city treasury in payment of the debts of the city, as is admitted to have been the case here, was not a governmental, public, or judicial act, but the execution of a contract, to which the rules of law applicable to natural persons apply. The city is held to the same care in guarding against injury to innocent holders of its paper, as are bank officers and private persons in issuing and putting in circulation their checks and bills of exchange ; and is liable to the same extent to any one injured by the negligence of its officers.

*Benjamin Deblieux*, for the appellee.

As a municipal corporation, the defendant is not responsible for loss or damage flowing from the illegal or tortious acts of its agents, and still less for that which results from their crimes. The agents are personally liable. Every remedy against them must be exhausted before the public can be made to suffer. And it is very questionable whether the law contemplates a demand against a public corporation for damages founded on tort in any case. *Sutton* v. *Board of Police*, 41 Miss. 236 ; *Sherman* v. *Granada*, 51 Miss. 186. No decision of this court is cited by the appellant, and he has erred in endeavoring to apply the principles of commercial law, and the rules governing negotiable paper, to the affairs of a municipality. The tax-payers of Bay St. Louis are as innocent as the appellant, and if negligence is chargeable on either, it is on the purchaser of the warrants. On every ground the judgment should be affirmed.

CHALMERS, J., delivered the opinion of the court.

The proper authorities of the city of Bay St. Louis issued several warrants or checks on its own treasury in payment of work done for the corporation, amounting in the aggregate to nine dollars and thirty-three cents. The amounts specified in the several warrants were fraudulently raised by the clerk of the town council after issuance, until in the aggregate, as raised, they amounted to nine hundred and thirty-three dollars and thirty cents, and as thus raised they were negotiated and came in due course to the plaintiff's intestate, who, in

good faith, purchased them, supposing them to have been properly issued for the amounts apparently due upon them. It is admitted that the alterations were so skilfully effected as to prevent detection by a stranger, and that this was rendered possible by the fact that the city authorities in issuing the warrants failed to draw pen marks along or through so much of the blank spaces in the printed forms as were not used in writing the true amounts. It is insisted that these facts make the corporation liable for the full sum as now expressed upon the face of the warrants, because it was by the negligence of its officers that the fraud upon the plaintiff's intestate was rendered possible, and that it is, therefore, just that the loss should fall upon those whose officers were guilty of the neglect. There are two conclusive answers to that proposition. These warrants or checks of the city upon its own treasury, though transferable under our statute, possess none of the elements of commercial paper, and are not governed by the principles which apply to similar instruments drawn by private persons. They are intended only to serve as certificates of the amounts due to the parties in whose favor they are issued, and to furnish a convenient method of adjusting and paying the municipal indebtedness. In so far as they are authorized by law, and no further, they impose a liability upon the municipality. Whenever issued in excess of authority, they are null and void. Neither is it possible for the officers of a municipal corporation to impose any liability upon the constituent body by their crimes or torts, even when committed *colore officii*, unless expressly authorized or subsequently ratified, or done in pursuance of some general authority over the subject-matter of their action. They may by such acts make themselves personally liable, but they impose no obligations upon the public. *Sherman* v. *Grenada*, 51 Miss. 186.

*Judgment affirmed.*