BROOKS OIL COMPANY *v.* GEORGE W. WEATHERFORD.

[44 South., 928.]

1. SHERIFFS. *Judgments. Right to collect.*

  A sheriff is not authorized by virtue of his office to collect a judgment, although rendered in his county, where no execution was issued thereon and placed in his hands.

2. SAME. *Agency.*

  A defendant paying money to a sheriff, having no execution thereon in his hands, to be applied in payment of a judgment, constitutes the officer his agent, and if the money is not paid to the plaintiff the judgment remains unsatisfied.

3. JUDGMENT. *Discharge. Payment to sheriff.*

  Voluntary payment of the amount of a judgment to a sheriff, who held no process for its collection, did not discharge the judgment, where he did not pay the money over and the creditor did not authorize nor ratify such payment, since a sheriff who collects money without process acts as a mere citizen.

FROM the chancery court of Newton county.
HON. JAMES L. MCCASKILL, Chancellor.
Weatherford, appellee, was complainant in the court below;

the oil company, appellant, was defendant there. From a decree in complainant's favor the defendant appealed to the supreme court. The facts are stated in the opinion of the court.

*N. M. Everett* and *Amis & Dunn,* for appellants.

It clearly appears from the record in this case that the judgment in favor of the Brooks Oil Company against Weatherford had not been paid and therefore the court erred in retaining the injunction issued restraining the present sheriff, Adams, from proceeding to make the money on the execution issued on the judgment.

The payment of the amount of the judgment by Weatherford to Harper, sheriff of the county at the time, but who held no execution or other authority for collecting the judgment, was not a payment of the judgment. Harper had no authority whatever to receive the money. If Weatherford paid him the money as claimed he simply constituted Harper his agent, and if he failed to pay the judgment, the loss, if any has been sustained, should fall on Weatherford, and not on the Brooks Oil Company.

The sole question in this case was settled at an early date in this state. In the case of *Wood* v. *Robinson,* 3 Smed. & M., 271, the court said: "A sheriff has no authority whatever to receive payments for a plaintiff or take property without an operative execution in his hands." And also to the same effect see *McFarland* v. *Wilson,* 2 Smed. & M., 269; *Crane* v. *Bedwell,* 25 Miss., 512.

There is not even the slightest suggestion that the Brooks Oil Company or its attorney had requested or authorized Harper to collect the money due on the judgment.

*George C. Tann,* for appellee.

The record of this case shows that the judgment was paid to the sheriff of the county, and *Wood* v. *Robinson* and the

other authorities cited by appellant are not in point. The question involved is, not whether the sheriff had authority to collect the money on the judgment at the time he did collect it, but whether his collection was not ratified by appellant, after knowing that the sheriff had the money.

The attorney for the Brooks Oil Company was told and understood that Harper had collected the money under execution but waited until after Harper died without paying over the money before he asked for an execution. No execution was issued until the 14th of December, 1905.

The clerk is required to issue execution on all judgments within twenty days after the adjournment of court, § 345, Code 1892. Sheriff Harper lived nine months after the adjournment of court.

The execution docket shows that there was no execution issued during all this time, and appellant knew that the sheriff had collected the money. A public officer may be the agent of a creditor. In some instances slight evidence of ratification binds the principal, where the other party is prejudiced and unauthorized acts in behalf of the principal may be ratified in any manner expressing assent.

CALHOON, J., delivered the opinion of the court.

The Brooks Oil Company obtained a judgment against Weatherford in July, 1904. Afterwards, but before any writ of execution had issued, the then sheriff told him to pay the money to him, and thereby avoid the costs of the issuance of the writ of execution. Accordingly the sheriff was paid the money by Weatherford, and subsequently the costs of the case were caused to be paid to the circuit clerk. The sheriff had told the clerk of this payment to him, and not to issue execution. The sheriff did not pay the amount of the judgment, or any of it, to the plaintiffs in the action, the appellants here, or to the clerk. After this the appellants caused an execution to be issued, which is the only execution in the case, and a levy was

made on property of Weatherford's and he enjoined the sale of the property levied on, and the chancellor's final decree sustains that injunction and makes it perpetual.

It appears that the attorney for the plaintiffs below had been told of this payment by Weatherford to the sheriff, after the payment had made; but neither he nor plaintiffs had made any previous request of that sort, nor done any act in ratification. No voluntary payment to the sheriff can have any effect. That officer can only collect money when he has proper process to make the collection. When the payment was made to the sheriff, he was simply the agent of Weatherford, and, if he did not pay it over, Weatherford must look to him for it. The sheriff without the process was a mere private citizen. *Wood.* v. *Robinson,* 3 Smed. & M., 271; *McFarland* v. *Wilson,* 2 Smed. & M., 269; *Crane* v. *Bedwell,* 25 Miss., 507, cited by counsel.

The decree making the injunction perpetual is reversed, the injunction is dissolved, and the bill is dismissed.