## HARRIET WOODCOCK *vs.* CITY OF CALAIS.

### Washington, 1876.—March 2, 1877.

*Town.*

Though the doctrine of *respondeat superior* does not apply to render a town or city liable for the trespasses of a street commissioner upon adjoining lands, when acting as a public officer merely; yet it does apply when he is not only a public officer, but also acts under express authority of the city government, while attempting to obey their directions.

*Thus:* The city government of Calais passed an order, "that the street commissioner be directed to cause all fences now on the public streets to be removed." The street commissioner employed a surveyor to run a line between the plaintiff's land and the street. The line, as run, proved to be outside of the street limits and upon the plaintiff's land. The commissioner, believing the line to be correctly ascertained, moved back the plaintiff's fence in accordance therewith, removed from the land of the plaintiff, earth and rocks, and built a sidewalk thereon. *Held,* that the principle of *rsepondeat superior* applied, and that the city was liable to the plaintiff in trespass for the damages.

ON REPORT.

TRESPASS *quare clausum fregit.* Writ dated September 4, 1875.

It was admitted that the plaintiff had been in possession under her deed ever since its date, January, 1865, and that Alvin Smith, by whose action the alleged trespass was committed in 1875, was then road [street] commissioner, chosen by the city under the statute, and a public officer duly elected and qualified.

The street commissioner removed the stone wall in front of the plaintiff's house, and the earth filling back of it, encroaching, as the evidence tended to show, some twelve feet over the true line.

*A. McNichol & E. B. Harvey,* for the plaintiff.

*J. Granger & F. A. Pike,* for the defendants.

VIRGIN, J. In 1871, the city government of Calais passed an order: "That the street commissioners be directed forthwith to cause all fences now on the public streets to be removed."

In the summer of 1875, the street commissioner caused a surveyor to run the line between the plaintiff's land and the street. The line as thus run proved to be in fact a little outside of the

limits of the street, and upon the land of the plaintiff. The commissioner, believing the line to be correctly ascertained and marked upon the face of the earth, moved back the plaintiff's fence in accordance therewith, removed the earth and rocks, and built a sidewalk there. If the city is liable for the trespass thus committed, this action is to stand for trial.

The two phases of character presented by municipal corporations, and the peculiar liabilities which attach to each, are fully recognized and established in this state as in several others. *Small* v. *Danville*, 51 Maine, 359. *Eastman* v. *Meredith*, 36 N. H. 284, 289. *Oliver* v. *Worcester*, 102 Mass. 489, 499, and cases cited in each.

These, with numerous other cases which it is needless to cite, maintain the general doctrine that municipal corporations, so far as their public character is concerned, being agencies of the government, are not liable to a private action for the unauthorized or wrongful acts of their officers, even while acting in the line of their official duties, unless made so by statute; that this non-responsibility results from the consideration that the officers are chosen by the corporations, in obedience to the statute, to perform a public service not particularly local or corporate, but because this mode is deemed expedient by the legislature in the distribution of the powers of government; that their powers and duties are prescribed and imposed by general statute alike on all such officers, and not by the cities and towns which choose them; that their official tenure, and the manner of performing their official duties do not depend upon the will of their immediate constituencies; and that in a word they are strictly public officers, and when in the discharge of their public duties, they in no legal sense sustain to their corporation the relation of servant or agent.

Surveyors of highways and street commissioners, when making, repairing, or otherwise performing their official duties upon highways and streets, come within this rule generally; for they are in the performance of their public duties, beyond the control of the corporation; and hence third persons injured thereby, cannot invoke against the corporation, the rule of *respondeat superior.* *Small* v. *Danville*, *supra*. *Barney* v. *Lowell*, 98 Mass. 570.

*Haskell* v. *New Bedford*, 108 Mass. 208.    *Judge* v. *Meriden*, 38 Conn. 90.    *Walcott* v. *Swampscott*, 1 Allen, 101.

These decisions would have been decisive of the case at bar had the commissioner acted solely in his public capacity, and upon his own responsibility.    He was authorized by the statute to remove any fence actually standing within the limits of the street, as an obstacle which did, or was likely to obstruct the street, or to render its passage dangerous.    R. S., c. 18, § 50.    If he had performed this public duty simply as a public officer, and not as the servant or agent of the city, he alone would have been responsible for his misfeasance.    The orders which he may have received from the mayor or city solicitor, (as the testimony intimates) could not affect his relative status to the city ; for they were but public officers themselves, and could not bind the city in respect to the commissioner's acts.    *Haskell* v. *New Bedford*, 108 Mass. 208. But the fact that he was expressly "directed" by the city government to cause all fences on the street to be removed, and that while attempting to follow these directions he committed the trespass which is the foundation of this action, withdraws this case from the application of the principle applicable to cases of public officers.    For while he was a public officer, and had lawful authority to act in the premises without any directions from the city, still the city was responsible for the safe condition of the streets, and chose by positive, formal vote to direct the commissioner. Whether he was obliged to follow the direction or not, is immaterial.    He did act ; and in his action he became *quoad hoc* the city's agent ; and we are of the opinion that the superior must respond.    This doctrine is recognized in *Buttrick* v. *Lowell*, 1 Allen, 172, 174 ; *Perley* v. *Georgetown*, 7 Gray, 464 ; *Haskell* v. *New Bedford*, *sup.* ; *Cumb. & O. Can. Corp.* v. *Portland*, 62 Maine, 504.    The question was expressly decided in *Hawks* v. *Charlemont*, 107 Mass. 414.        *Action to stand for trial.*

APPLETON, C. J., WALTON, DICKERSON, BARROWS and PETERS, JJ., concurred.