MARGARET MOOTRY AND ANOTHER *vs.* THE TOWN OF DANBURY.

Where a town does an act lawful in itself in such a manner as to create a nuisance, it is liable in the same manner that an individual would be.

The authorities of a town built a bridge in such a manner as to set back the water of the stream upon the plaintiffs' land. Held that the town was liable to the plaintiffs for the damage done.

Where a declaration in an action on the case against a town for so constructing a bridge as to set the water back upon the plaintiffs' land, contained no averment that there was negligence or unskillfulness in the construction of the bridge, it was held to be a matter of form, the want of which could not be taken advantage of on general demurrer.

ACTION ON THE CASE against the defendant town, for con-

structing a bridge and road in such a manner as to set the water of a stream back upon the land of the plaintiffs; brought to the Court of Common Pleas of the county of Fairfield.

The principal allegations of the declaration were as follows: that on the first day of May, 1871, the plaintiffs were, and ever since have been, the lawful owners and possessors of a certain tract of land situated on the south side of West street, in the town of Danbury, containing about one acre of land, with two dwelling-houses and other buildings standing thereon, and bounded and described as follows, [describing it;] with a stream of water running over and through the west side of said land, and across said highway called West street, which said highway was below the above described land on said stream of water, and it became, was and still is the duty of said town of Danbury to build, keep and maintain a bridge over and across said stream of water on said highway for the accommodation of the public travel; and the plaintiffs say that the defendants, well knowing the premises, but contriving to injure the plaintiffs, on or about the said first day of May, did construct, build and repair a bridge over and across said stream of water, in and upon said highway and below the said land of the plaintiffs, and have continued and maintained said bridge as the same was then constructed without any material alteration thereof to the present time; and the plaintiffs say that the defendants constructed said bridge very much narrower than the bed of said stream, and much narrower than the space that the said stream had before that time occupied and had been accustomed to flow over, and wholly insufficient for the flow of the water of said stream, and did build a high wall on the upper side of said highway, and did raise up said highway, and did place and deposit a large quantity of stones, earth and rubbish in said highway and said stream of water, and by means thereof did obstruct, hinder and dam up the water of said stream and cause the same to flow back upon and over the said land of the plaintiffs, and to flow into the cellars and into and upon the floors of said two dwelling-houses, rendering both of said houses

uncomfortable, unhealthy, untenantable and unfit for dwelling-houses, and did thereby cause said stream of water to wash and carry away a large quantity of stones, gravel and earth from and off said premises; and in consequence thereof the plaintiffs have been unable to rent and let said premises as they could and should have done had they remained the same as they were before said acts of the defendants were committed as aforesaid; and said premises and dwelling-houses have been thereby otherwise injured and damaged.

A second count alleged that the plaintiffs were the owners of the land described in the first count, and that the highway crossed the stream at a point below the land in question, and then proceeded as follows:—

That the defendants contriving and intending to deprive the plaintiffs of the use of said land and dwelling-houses, and the rents and profits thereof, on or about the first day of May, 1871, placed and deposited a large quantity of stones and earth in and upon said highway, and in said stream of water and below the said land of the plaintiffs, and thereby raised up the said highway much higher than it had before been, and obstructed the flow of said stream so as to prevent the running of said stream in its natural channel and course, and as it had before been accustomed to flow, and to cause said stream of water to flow back and upon the said land of the plaintiffs, and to overflow the same and to run into and flood the cellars and to run upon the floors of said dwelling-houses to a great depth, and have ever since kept and continued said stones, earth and rubbish upon said highway, and in said stream of water, and obstructed the natural flow of the water of said stream to the present time, (stating the matters of damage in the same manner as in the first count.)

The defendants demurred to the declaration, and the case was reserved upon the demurrer for the advice of this court.

*L. D. Brewster* and *S. Tweedy*, in support of the demurrer.

1.   Neither of the counts in the declaration alleges negligence or unskillfulness on the part of the defendants; both allege simply a wilful tort committed by the town. Both use

substantially the same language as to the intent and obstructive acts of the town, made use of in the second count in the case of *Judge* v. *City of Meriden*, 38 Conn., 90. The decision in that case is decisive of this. In that case the court held that the city was charged with a wanton and malicious trespass, for which it would be a gross injustice to hold the inhabitants liable. It needs no citation of authorities to show that the liability of a town in this class of cases is less than that of a city. It needs no argument to prove that any municipality should be held more strictly accountable for the condition of artificial aqueducts of its own creation, than for the condition of natural water courses within its limits. Towns can not be held liable for the wanton malicious acts of their agents in the performance of a duty imposed by statute on the town, unless a right of action is given by statute. Dillon on Municipal Corp., §§ 761 to 764, 777.

2. If the old doctrine of *Chidsey* v. *Town of Canton*, 17 Conn., 475, and *Ball* v. *Town of Winchester*, 32 N. Hamp., 435, that towns are not liable for damages occasioned by acts of highway officers, but the officers themselves are to be sued, (*Rowe* v. *Addison*, 34 N. Hamp., 306,) is to give way to the new doctrine claimed by the plaintiffs to be so broadly announced in *Norwalk & Danbury R. R. Co.* v. *Town of Norwalk*, 37 Conn., 109, we submit that the plaintiffs are bound to state in their declaration—1st, by what officers or agents the act was done; 2d, whether the suit is for negligence or misfeasance; and 3d, whether the officers acted within the scope of their duty or entirely outside the same in committing the alleged injuries.

3. In the very recent cases of *Merriam* v. *City of Meriden*, 43 Conn., 173, and *Weed* v. *Borough of Greenwich*, 45 Conn., 170, this court has had occasion to examine so fully all the leading authorities on the vexed question of municipal liability that we do not propose to cite them, but to call attention to the fact that in both of these cases the defendants argued that the liability of the city and borough was no greater than that of towns, and that *therefore* they were not liable, while the plaintiffs argued that the cases concerning

towns were wholly different from those in question, by reason of the special charters in the latter, and that *therefore* they *were* liable. We also refer the court to the following very recent cases: *Woodcock* v. *City of Calais*, 66 Maine, 234; *Lynde* v. *City of Rockland*, id., 309; *Sherman* v. *City of Grenada*, 51 Miss., 189. In the last case the decision in *Judge* v. *City of Meriden* is cited as in accord with the whole line of decisions in that state.

4. Finally we claim that the doctrine of *Chidsey* v. *Town of Canton* still prevails in this state.

*O. A. G. Todd*, contra.

1. The duty of towns to keep their highways and bridges in repair is imperative. Rev. Statutes, p. 231, sec. 1; *Danbury & Norwalk R. R. Co.* v. *Town of Norwalk*, 37 Conn., 109, 119.

2. When such repairs are made by an officer or agent of the town for the benefit and by direction of the town, no exemption from liability by the town can be interposed, when from negligence or willfulness they are so made as to produce unnecessary damage to other parties. *Perry* v. *City of Worcester*, 6 Gray, 544; *Sprague* v. *City of Worcester*, 13 id., 193; *Rochester White Lead Co.* v. *City of Rochester*, 3 N. York, 463; *Mayor &c. of New York* v. *Bailey*, 2 Denio, 433; Shearm. & Redf. on Negligence, § 144, and cases cited in notes. Towns are liable for such an injury in a civil action by the party injured, in the same manner as individuals and private corporations. *Danbury & Norwalk R. R. Co.* v. *Town of Norwalk*, 37 Conn., 119.

3. The declaration clearly sets up negligence in not building the bridge of sufficient width to carry off the water, and in filling up the road so as to obstruct the passage of the water. It is not necessary to use the word "negligence" in framing a declaration if the acts set out show negligence. *Munson* v. *Town of Derby*, 37 Conn., 298.

CARPENTER, J. This case stands upon a general demurrer to the declaration. The first count alleges that it is the duty

of the town to build, keep, and maintain a bridge over and across a stream of water on a highway; that it did construct and build the same below the plaintiffs' land very much narrower than the bed of the stream and wholly insufficient for the flow of water, and raised the road bed across the stream in such a manner as to obstruct the flow of water and to dam up the same, and cause it to flow back upon the plaintiffs' land, thereby doing damage, etc.

There is no allegation *in terms* of negligence or unskillfulness in the construction of the bridge.

From this omission it is claimed that the declaration is, in substance, for a willful and malicious injury. Thus construed the case of *Judge* v. *City of Meriden,* 38 Conn., 90, is cited to show that a municipal corporation cannot be liable in such an action. We do not so interpret the declaration. We think that it clearly charges the defendants with negligence and unskillfulness in the construction of the bridge and the highway over the stream; in constructing it in such a way that there was not sufficient space to allow the water to pass off freely, thereby causing it to set back upon the land of the plaintiffs. The essential elements of a good cause of action are in the declaration; the omission to say in so many words that the defendants were guilty of negligence, when the court can see from what is stated that negligence did exist, is a defect in form and not of substance, and therefore is not reached by a general demurrer.

But a more important question, and the real question in the case, is, whether the defendants are liable for such an injury.

The only case in this state cited by the defendants in support of their claim that they are not liable, is *Chidsey* v. *Town of Canton,* 17 Conn., 475. That was an action against the town for damages sustained by the husband and father, in consequence of an injury to the persons of his wife and daughter, caused by a defective bridge. The court held that, while such damage (the loss of service, expense of nursing, &c.,) was damage to property in a certain sense, yet it was not such property as the statute contemplated, and that there-

fore the town was not liable. The case turned wholly upon the construction given to the statute—that it did not extend to this species of property.

The application of the principle of that case to this is not very apparent. There was there a defect in the bridge and railing which endangered travelers. Here there is no such defect. The negligence consists, not in leaving the road bed defective and dangerous, but in constructing it improperly and thereby causing injury to adjacent property. In that case the statute expressly made the town liable for injuries caused by a defective bridge to certain kinds of property therein enumerated. The court held that the species of property injured in that case was not embraced in the statute. That statute was designed to enforce the duty of keeping the road bed in a suitable condition to accommodate the public travel. In strictness it has no application to this case. It makes towns liable for injuries resulting from a neglect to do what the statute requires, and has no reference to injuries resulting from negligence in doing what is required improperly.

The liability of the defendants therefore, if liable at all, must rest upon broader grounds than that statute. The statute simply compels them to do by making them liable in damages if they fail to do. A principle of universal application—that every man shall transact his lawful business in such a manner as to do no unnecessary injury to another— compels them to do what they are required to do in a proper manner. In other words, towns will not be justified in doing an act lawful in itself in such a manner as to create a nuisance, any more than individuals. And if a nuisance is thus created, whereby another suffers damage, towns like individuals are responsible. Keeping this distinction in mind let us briefly refer to some of the recent utterances of this court. In the case of *Young* v. *City of New Haven*, 39 Conn., 435, the defendants were macadamizing a street and used a steam-roller. It was left over Sunday near the part of the highway over which the travel passed and frightened the plaintiff's horse, whereby the plaintiff was injured. The

case is distinguishable from the present one in this, that the leaving of the steam-roller in close proximity to the traveled part of the street was not essentially a part of the process of repairing; also that the position of the roller constituted a defect in the highway. Nevertheless it was claimed that the injury was the result of the negligence of the agents and employees of the city in the use and care of the roller. The negligence was certainly very closely related to negligence in the mode of doing the work. The court says—"The rule of law that governs in cases of negligence is simple and easily understood. * * Did the defendants exercise reasonable care to avoid the injury to the plaintiff? Reasonable care is the criterion by which to determine whether or not a party has been guilty of culpable negligence. Every person is bound to exercise that degree of care to avoid injury to others in all that he does."

In *Judge* v. *City of Meriden*, 38 Conn., 90, the street commissioner in an emergency and when there was a large quantity of surface water to be disposed of, opened a cross-walk and thereby turned the course of the water so as to overflow the premises of the plaintiff. The court held that if it was to be regarded as a wanton and malicious act, committed for the purpose of injuring the plaintiff, it was not the act of the defendants, and they were not liable. If on the other hand he acted on his best judgment, even if his action was hasty or negligent, his relations to the defendants were not such as to make them liable for his acts. BUTLER, C. J., while not dissenting from the legal principles laid down, said: "But I am inclined upon reflection to think otherwise, and to hold that, if the court found that the defect in Main Street which the commissioner attempted to remove, was occasioned by the wrongful elevation of Main Street, without a suitable provision for the passage of water so as to protect it from excessive overflows from Veteran Street, the corporation was directly responsible for the defect occasioned by such overflow, and the court was right in holding them liable for the consequences which naturally and necessarily resulted from the removal."

It seems that that learned jurist had no doubt that towns were liable for the consequences of an improper construction of a highway. We discover nothing in the opinion of the court which is inconsistent with that view. The Chief Justice and the other members of the court differed only in the construction of the record.

But the case of *The Danbury & Norwalk Railroad Co.* v. *Town of Norwalk*, 37 Conn., 109, is more directly in point. The only difference between that case and this is, that that was a petition in chancery to restrain the town from committing the wrong, and this is an action at law to recover damages for the wrong committed. The principle applicable to the two cases is the same. The injunction was granted only because the contemplated action of the town was an invasion of the legal rights of the railroad company. If that was so in that case it is in this; and if the defendants have invaded the legal rights of the plaintiffs they are responsible. The conclusion is inevitable.

The reasoning of the court assumes that a town would be liable in a case like this. In speaking of the power and duty of towns in respect to highways, the court say (p. 119):— "The authority is clear and the duty imperative; always subject however to the salutary qualification, interposed for the protection of others, that this authority shall be so exercised, and this duty discharged in such a manner, as to occasion no wanton injury to the property or rights of other persons, natural or artificial."

This is sound law and is abundantly sustained by the authorities cited.

It seems to us impossible to hold that this town is exempt without overruling that case. We regard the principle there enunciated as sound and in harmony with decided cases elsewhere.

We advise the Superior Court to overrule the demurrer.

In this opinion PARDEE and LOOMIS, Js., concurred; PARK, C. J., and GRANGER, J., dissented.