F. E. BROWN, Appellee, v. THE CITY OF WEBSTER CITY, Appellant.

115    511
142    738

-Street Commissioners: AGENTS OF MUNICIPAL CORPORATIONS. Under a city ordinance providing that "it shall be the duty of the street commissioner to superintend all improvements upon the streets," and that in the discharge of such duty he shall be under the direction of the city council, etc., as to time and place of expending work, the street commissioner is an agent of the city, and in doing the work is acting within the scope of his authority, so that if he exceeds it the city may by adoption be bound by his acts.

RATIFICATION BY CITY: Court and jury. In an action against a city for excavating the street without following the statute as to the establishment of grades, plaintiff's evidence showed, not only that the street commissioner did the work according to a grade fixed by a surveyor employed by the city and under the direction of the chairman of the committee on streets, but that the city paid the commissioner, the surveyor and others during the work; that the street commissioner made monthly reports to the council; and that grade stakes were set with the aid of the chairman and other members of the street committee and of the council, and that nearly all the members of the council saw the work while it was being done. Held, sufficient

to establish defendant's connection with the wrong done, as a matter of law, notwithstanding its evidence that the acts were done in the first instance without express authority.

**Joint Tort:** LIABILITY FOR DAMAGES. All who contribute to a tort, whether present or absent at the doing of the act, are personally liable to the person injured for the entire damage.

AGREEING TO TRESPASS. Where a trespass is done ostensibly for the benefit of another, and that other subsequently agrees to the act, his subsequent agreement has the same effect to render him liable as though he had originally commanded it.

APPROVAL OF TORT: *When ratification.* Though, as a rule, a ratification of a tort, to make a principal liable, must be with knowledge of all the facts or with the purpose on the part of the principal to take the consequences on himself without inquiry, where the wrongful act is simply in excess of authority mere approval of the wrong is generally sufficient.

**Evidence:** RECORDS OF CITY COUNCIL: *Best evidence.* The records of the city council are not the only evidence of its acts, and where no record is kept the next best evidence is admissible.

OF DAMAGE BY EXCAVATING. In an action against a city for excavating a street without following the statute as to the establishment of grades, evidence as to the damage caused by the excavation, to trees, shrubbery, grass, and to a well on plaintiff's premises, was properly admitted.

*Appeal from Hamilton District Court.*—HON. J. R. WHIT-AKER, Judge.

SATURDAY, FEBRUARY 1, 1902.

ACTION at law to recover damages for excavating a street in front of plaintiff's premises, without following the statute with reference to the establishment of grades. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.—*Affirmed.*

*J. H. Richard* and *Wesley Martin* for appellant.

*D. C. Chase* for appellee.

Deemer, J.—All the controlling questions involved in this appeal, save one, were decided adversely to appellant in *Richardson v. City of Webster City,* 111 Iowa, 427, and *Milliard v. City of Webster City,* 113 Iowa, 220, to which cases reference is made for a statement of the essential facts. The one question which it is claimed was not disposed of, relates to an instruction given by the court on the trial of this case to the effect that the evidence conclusively established defendant's connection with the wrong done and its liability for any damages which might be proved. The same instruction was given in the *Milliard Case,* but it is contended on this appeal that no issue was made in that case regarding defendant's connection with the wrong, and no evidence introduced by it tending to show that the work was done without its direction or knowledge. The record does not justify the first of these contentions. In the *Milliard Case,* the question of defendant's responsibility was in issue.

Regarding the testimony, it is enough to say that each side added something on this trial additional to the facts shown in the *Milliard Case* relating to this issue. Plaintiff adduced evidence to show not only that the street commissoner did the work according to a grade fixed by a surveyor employed by the city and under the directions of the chairman of the committee on streets and alleys, but that the city paid the commissioner, the surveyor, and others at regular intervals during the progress of the work for the labor performed by them; that the street commissioner made detailed monthly reports of the work to the city council, and that grade stakes were set by the surveyor, with the aid of the chairman and other members of the street and alley committee and other members of the city council; and that nearly all the members of the council saw the work as it was being done, and made no

objection thereto. True, defendant offered evidence to show that it passed no resolution or ordinance authorizing or directing the work to be done; that the engineer had no authority to set grade stakes, but made his survey for the purpose of establishing a sewer system, and filed his report with reference thereto; that he was not regularly employed by the city council for the purpose of establishing a grade, and that what he did in this connection was under the direction of the chairman of the street and alley committee alone; that this chairman had no authority to establish grade lines or to grade streets, and that the street commissioner had no such authority. Of course, the city should not be made liable unless it is shown that it in some manner counseled or authorized the work, or ratified it after it was done. But it must be remembered that this is an action sounding in tort, and that the degree of proof required is not as great as if the city were sought to be held on contract. All who contribute to a tort, whether personally present or absent at the doing of the act, are personally liable to the person injured for the entire damage, and if a trespass is done ostensibly for the benefit of another, and to his use, and that other agrees to the act, his subsequent agreement has the same effect as if he had originally commanded it. The mere approval of a wrong done by one's agent in excess of his authority is often equivalent to express authorization. As a rule, ratification must be with knowledge of all the facts, or with the purpose on the part of him who is sought to be held to take the consequences upon himself without inquiry. But, where an act is simply in excess of authority, mere approval of the wrong is generally held sufficient. These rules are elementary, and are fully sustained by Cooley on Torts (pages 145-149). In applying them to the instant case, it must be remembered that the city council has the care, supervision, and control of all streets, and that it is made its duty to keep the same open and free from nuis-

ances (Code, section 753); that it has power to provide for the grading of streets (Code, section 782); and that it has power to abate nuisances (Code, section 696). It should further be borne in mind that the street commissioner is appointed by the city council, and as its agent has such power, and is required to perform such duties, as are prescribed by law or ordinance. The ordinance of defendant city provides that "it shall be the duty of the street commissioner to superintend all improvements upon the streets, alleys and public grounds within the city; and in discharge of said duty he shall be under the directions of the city council or the committee of streets and alleys, as to time and place of expending work on streets and alleys." He is thereby made an agent of the city, and in doing work the city is authorized to perform presumptively does so with authority. In other words, such work is within the scope of his employment, and if he exceeds his authority the city may by adoption be bound by his acts. Generally speaking, the acts of a city council can only be shown by its records, ordinances, and resolutions. But these are not conclusive, nor are they the only evidence of what is done. If this were not so, the city might escape liability simply through failure to make a record. As to third persons, its records are by no means controlling. The primary question is, what did it do? Ordinarily, the records are the "mind and memory" of a corporate body, but if there be no record, we go to the next best evidence. The work done by the street commissioner in this case was within the apparent scope of his authority, and was done ostensibly for the benefit of the city and by its direction, and not for his individual pleasure or profit, or because of independent statutory or municipal authority, as in *Goddard v. Inhabitants of Harpswell,* 84 Me. 499 (24 Atl. Rep. 958, 30 Am. St. Rep. 373). There the highway surveyor was a public officer charged by law with the duty of doing the work performed by him, independ-

ent of any action on the part of the city. In this case
the work was done with the knowledge of the chairman of
the street and alley committee, whose knowledge in this
respect is in all cases imputed to the city. It was done
after a survey was made under the directions of this chair-
man, so that it is clear the city had full and explicit knowl-
edge of what was being done in its behalf. With this
knowledge, it approved the act by paying the bills therfor,
by assuming the benefits derived therefrom, and by adopting
the reports made by the street commissioner showing the
condition of the work. These facts are all undisputed, and
the question, reduced to its last analysis, in this:
Assuming all these facts to be true, does the fact
that the acts were done without express authority
make such a conflict in the evidence as to require the court
to submit to the jury the question of defendant's liability?
We think not. Under the undisputed evidence, the street
commissioner was assuming to act for the city, and the city
unquestionably approved of what he did by paying the bills
for the work, and by accepting his reports showing what
was done. These acts of adoption were made of record in
so far as any record could properly be made thereof. But,
if this were not so, we think adoption and approval may be
shown by facts not made of record. If the chairman of
the street and alley committee is chargeable with notice
of what he sees is being done on the street, as it must be
conceded he is, then the city is required to act on this notice
or be bound by the consequences resulting from inaction.
Surely, a formal meeting of the street and alley committee,
or of the city council, is not needed to charge defendant
with notice of what is being done on the streets, nor can
defendant escape liability, through failure to call a formal
meeting of the proper governing body. With this record
before it, we think the trial court did not err in assuming
that defendant was responsible for the damage, if any was
done. Our conclusions find support in *Waldron v. Haver-*

*hill,* 143 Mass. 582 (10 N. E. Rep 481) ; *Woodcock v. City of Calais,* 66 Me. 234; *Platter v. City of Seymour,* 86 Ind. 323; *City of Chicago v. Chicago & W. I. R. Co.,* 105 Ill. 73.

Testimony was admitted, over defendant's objections, tending to show the effect of the excavation on trees and shrubbery on plaintiff's lot, and on a well located thereon, and the court instructed that these matters, together with the effect on plaintiff's means of ingress and egress to his said lot, might be considered in determining whether or not plaintiff's lot was injured. Testimony as to the effect of the cut on trees growing on the opposite side of the street from plaintiff's premises, and which afforded shade for his yard, was brought out by defendant on cross-examination of plaintiff, and, while plaintiff said that in his estimate of damages he took these into account, defendant did not move to strike out his evidence, or in any other manner bring this to the attention of the trial court, that it might rule thereon.

The evidence as to damage to trees, to shrubbery, and to grass, and to the well, was all competent and relevant to the issues made by the pleadings, and there was no error in admitting it, or in the giving of the instruction with reference thereto. *Milliard v. City of Webster City, supra.*

There is no error, and the judgment is AFFIRMED.