

# THE ATTORNEY GENERAL

## OF TEXAS

GERALD C. MANN
XXXXXXXXXXXXXXXXXXXD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable L. A. Woods
State Superintendent of Public Instruction
Austin, Texas

Dear Sir:                    Attention: Mr. T. M. Trimble

Opinion No. 0-2162
Re: Refusal to approve minutes
of school board meeting at
which teacher was elected.

We are in receipt of your letter of April 2,
1940, in which you submit the following question to this
department for an opinion:

"Would the action of the board of trustees
in its meeting on January 1, when it refused to
approve the minutes of the December meeting at
which time Superintendent R. E. Sandlin had been
given an extended contract and to which he had
mailed his written acceptance, relieve the board
of trustees of the Archer City Independent School
District of its contracted obligation to Superin-
tendent Sandlin?"

It appears from copies of the minutes submitted
with the request that Mr. Sandlin was elected as superin-
tendent of the Archer City Independent School District for
the school year 1938-1939 on March 26, 1938. On March 6,
1939, he was re-elected for the school year 1939-1940 and
gave notice of his acceptance in writing dated March 10,
1939. At a meeting of the board on December 4, 1939, the
motion was carried that Mr. Sandlin's contract be extended
for a period of two years after the expiration of his pres-
ent contract, and that he notify the board in writing, a
copy of the letter to be filed with the minutes. Mr. Sand-
lin accepted the position of school superintendent for the

school terms 1940-41 and 1941-42 by letter dated December 11, 1939.  There were some changes in the membership of the board by resignations and appointments to fill vacancies, and on January 1, 1940, the motion was carried, "that the minutes extending the contract of R. E. Sandlin beyond the expiration of the present school term be not approved and that the secretary notify him in writing."

Your question assumes the making of a valid enforceable contract between the board and Mr. Sandlin and questions the power of the Board to revoke or avoid the contract by a refusal to approve the minutes of the meeting at which the offer was made, after the acceptance of Mr. Sandlin was given. We confine this opinion to the question presented, and express no opinion upon the question of the Statute of Frauds or other questions which might arise out of any irregularities in the proceedings or minutes.

The minutes of a school board are but a record or evidence of the proceedings before the board.  Where minutes are kept they are the best evidence of what they recite, but in the absence of such record, other evidence may be considered to determine the actual facts.

It is stated in Brown v. City of Webster City, (Iowa 1902) 88 N. W. 1070:

> "Generally speaking, the acts of a city council can only be shown by its records, ordinances, and resolutions.  But these are not conclusive nor are they the only evidence of what is done.  If it were not so, the city might escape liability simply through failure to make a record. . . . The primary question is, what did it do? Ordinarily, the records are the 'mind and memory' of the corporate body, but, if there be no record we go to the next best evidence."

In Roland v. Reading School District (Sup. Ct. Penn. 1894) 28 A. 995, it is stated:

> "If action actually taken by the board fails, for any reason, to get upon the minutes, it may be shown to have been regularly taken by the testimony of witnesses cognizant of the fact; but the rule is, as we have stated it, that the best evidence of the action of a quasi municipal corporation is the official record of the governing body."

The Texas rule with respect to municipal corporations is stated as follows in 30 Tex. Jur. p. 200:

"Ordinarily, the action of the council may be shown only by the authenticated minutes of the meeting at which it was had, and not by parol, in the absence of proof that the minutes have been lost or destroyed. Again, parol evidence is not admissible to change or contradict the minutes. But the latter rule applies only where the record is regular and complete on its face; and deficiencies in the minutes may be supplied and matters not shown by them may be proved by evidence aliunde which does not vary or contradict them. Thus, though the passage of an ordinance is not evidenced in the manner provided for by law, parol evidence is admissible to show that action was actually taken, the statute not making the validity of the action of the governing body dependent upon its being recorded. Also, a person may prove by parol evidence a contract made by him with the council, where the contract is not shown by the minutes."

The Board of Trustees in the instant case might have refused to approve that part of the minutes of the former meeting relating to the election of Mr. Sandlin, for the reason that the minutes did not speak the truth and such action was not taken; they might have been rejected for the reason that the board was of the opinion that a valid enforceable contract had never been consummated because of extrinsic facts not before us or because of some rule of law. On the other hand, facts may exist which would be sufficient to support the contract notwithstanding the refusal to approve the minutes.

We confine our ruling to the following proposition:

It is our opinion, assuming that under all the facts and circumstances a valid and enforceable contract had theretofore been entered into between the Board of Trustees of the Archer City Independent School District and Mr. Sandlin, the Board may not relieve itself of such valid contractual obliga-

tion by refusing to approve that part of the minutes record-
ing the action of the Board when the offer or contract was
made.

Yours very truly,

ATTORNEY GENERAL OF TEXAS


By      /s/ Cecil C. Cammack
            Cecil C. Cammack
                    Assistant

CCC:BBB

APPROVED APR 15, 1940
/s/ Gerald C. Mann
ATTORNEY GENERAL OF TEXAS


APPROVED OPINION COMMITTEE
BY /s/ BWB CHAIRMAN