## GENEVIEVE DONOVAN
*vs.*
## CHARLES ARDITO, d.b.a.
## WEST ROCK CONSTRUCTION CO.

Superior Court          Fairfield County          File No. 64279

MEMORANDUM FILED OCTOBER 30, 1942.

*Joseph G. Shapiro,* of Bridgeport, for the Plaintiff.

*W. T. Walsh,* of New Haven, for the Defendant.

Memorandum of decision on demurrer.

McEVOY, J. This is an action against a contractor in which it is alleged that he did his work in a manner which created a nuisance upon a public highway by reason of which the plaintiff was injured.

The defendant has pleaded special defenses which allege, substantially, that the defendant is immune from liability because he was performing his work under a contract with the Highway Commissioner of the State of Connecticut and that section 1513 of the General Statutes, Revision of 1930, frees the Highway Commissioner as well as the defendant from liability.

To these defenses the plaintiff has demurred and in its brief the defendant relies upon two recent cases, *Belhumuer vs. City of Bristol*, 121 Conn. 475, and *McManus vs. Jarvis*, 128 id. 707.

*McManus vs. Jarvis* decided that the provisions in the statute (§1513) that "any person using such highway when such notices are so posted shall do so at their (his?) own risk" is to be interpreted to mean (p. 712) that "the immunity under §1513 extends to the negligence....involved."

The syllabus in that case, which is a summary of the meat of the decision, states: "Held that immunity under the statute extends to negligence of a contractor under the commissioner as well as to defects in the highway."

In the body of the opinion it is stated (p. 708): "As the plaintiff was walking along this street he was struck and injured by a truck....which....was negligently backed up...."

The defendant requested a charge to the effect that if the road was posted in accordance with the statute (§1513) the risk of collision with one of the contractor's trucks was one assumed by persons using the highway "just as much as is the risk of a defect in the surface of the highway." The Supreme Court decided that the defendant was entitled to the charge as requested.

This decision is not an authority for the holding that the protection of the statute (§1513) extends to one who creates a nuisance.

Distinction exists between the creation of a nuisance and failure to remedy the condition, as pointed out in *Parker vs.*

*Hartford,* 122 Conn. 500, at page 504, where our Supreme Court said: "Even if the gulley constituted a nuisance, it was a situation which was not created by the defendant and the only liability which could attach to it would be its failure to remedy the condition."

*Belhumuer vs. Bristol,* 121 Conn. 475, did not involve the question of nuisance. It was an action based on negligence, so-called, which in this case, as in many others, is inadvertently used as synonymous with or, in error, to characterize the failure of a municipality to comply with its statutory duty to keep highways reasonably safe for public travel. In *Frechette vs. New Haven,* 104 Conn. 83, at page 92, as to this designation, our Supreme Court said: "The error of the trial court was not an unnatural one, nor an unusual one; in our reports may be found instances where a similar confusion has existed."

The distinction between the creation of a nuisance by a municipality, on the one hand, and the mere failure to take steps to remedy it, on the other hand, is clearly pointed out in *Bacon vs. Rocky Hill,* 126 Conn. 402, where, at page 406, our Supreme Court said: "Whenever a condition upon a highway makes it defective, there is a remedy under the statute, and where that condition is not due to any positive act of the municipality but is due to its neglect to take steps to remedy the defect, the statute affords the exclusive remedy, whether or not the defect is or might be found to be a nuisance." And further in that case, at page 409: "Under the allegations of the complaint the plaintiff could prove that the defendant had created a condition of the highway amounting to a nuisance which would render it legally liable for the injuries she claimed to have suffered, apart from any liability under the statute for recovery of damages due to a defective road, and the demurrer was properly overruled."

The pleadings are not now sufficiently definite to form a real basis for decision of the point pressed by each side upon argument.

The demurrer is addressed to paragraph 2 of the special defense which was filed on March 18, 1942 (Paper No. 3).

The demurrer was filed on October 6, 1942 (Paper No. 8). Thereafter, on October 18, 1942, the special defense was amended by adding paragraphs 3 and 4 to the special defenses (Paper No. 9).

The expressed intention of the parties upon the argument, was that the demurrer was to be considered as now addressed to paragraphs 2, 3 and 4 of the special defense as amended.

Permission is granted to the plaintiff to refile a demurrer which will meet this situation and, when so filed, this memorandum and ruling shall be applied to it.

For all the reasons stated, the demurrer is sustained.