## WILFRED J. RODGERS ET ALS.

*vs.*

## WILLIAM J. COX, STATE HIGHWAY COMMISSIONER

Superior Court          Hartford County          File No. 66149

### MEMORANDUM FILED NOVEMBER 17, 1942.

*Louis Feinmark* and *Philip Shiff*, of New Haven, for the Plaintiffs.

*William Tribou*, of Hartford, for the Defendant.

Memorandum of decision in action for injuries sustained by reason of defect in highway.

O'SULLIVAN, J.   Before dawn on November 14, 1940— a dreary, drizzly morning—the named plaintiff was operating a tractor-trailer northerly through the Town of East Hartford over a trunk line highway known as route No. 15.   As he drove along, he eventually came to a section of the highway which the defendant had closed to traffic by the posting of notices to that effect at each end of a portion of the highway which was to be reconstructed.   The contractor to whom had been awarded the job had begun no work on the surface of the highway nor was he expected to do so until the following spring.   However, he had brought to the job various types of heavy road machinery which he was using in the process of laying drains along but off the shoulders of the highway.   At the northerly end of the posted section, just south of the beginning of a concrete dual parkway extending on to the north, about 75 feet of the highway was in a dangerous and defective condition for travel, due to the presence of many large, deep holes that had existed there for a long time.   This particular stretch of road had been built many months previously by the contractor who had laid the concrete for the parkway and the holes were not occasioned by any work performed by the new contractor.   The highway surface south of this 75-foot stretch was in fairly good condition.   It was difficult, if not

impossible, for one driving northerly on the morning of November 14th to see the dangerous condition as he approached this short stretch of road because the holes were full of water and blended into the rest of the rain-covered highway in such a manner as to create the impression that the surface was level and smooth.

While passing over this stretch, a wheel of the tractor went into a very deep hole, causing a jar so violent that Rodgers was thrown from his seat. Instantly, the tractor was out of control and an accident followed.

The present action was instituted by Rodgers to recover damages for his personal injuries, by Hemingway Brothers Interstate Trucking Company to recover for damage done to its tractor, and by Pine State Express, Inc., for damage to the trailer. The complaint is in two counts, one, setting up a cause of action based on a defective highway, the other, a cause predicated on nuisance.

The plaintiffs would clearly be entitled to recover on the first count were it not for the special defense reading that "at the time of the accident complained of the highway at the place of the accident was legally closed to traffic under section 1513 of the General Statutes and the closure signs provided for therein had been erected by the Highway Commissioner and were in place at the time of said accident."

The second count alleging a nuisance inherently dangerous has not been established. I would find, however, that the condition did amount to a nuisance, but of a type to be classified only as one, the natural tendency of which was to provide a source of danger for those attempting to drive over the stretch of road on the morning of November 14th. At least to this kind of a nuisance, the same defense which destroys the effectiveness of the first count bars recovery under the second.

The law is definitely settled as to the effect of the Commissioner's action in posting the section of the highway, at one end of which this accident occurred. The statute provides that "any person using such highway when such notices are so posted shall do so at their own risk." In spite of the horrible grammatical error found in the statute, the Commissioner is clothed with an immunity to respond in damages to those who pass over the officially closed highway and sustain injuries while so doing. "The language of §1513 is plain and not susceptible

of exception....The purpose of the statute is obvious. The State might, where construction, reconstruction or repairs are necessary upon a highway, entirely close it to traffic. For the convenience of the public, the statutes make provision by which the highway commissioner may still permit persons desiring to do so to use the highway, without liability being incurred for injuries due to defects in it." *Belhumuer vs. Bristol,* 121 Conn. 475, 478.

Nor is the effect of the statute limited to those instances where the injury is traceable to a condition in the highway created in the process of construction, reconstruction or re-pair. Whatever may have been the source of the defect, the Commissioner cannot be held liable for injuries arising there-from after he has posted the highway. For example, if a portion of the traveled portion should cave in and the Com-missioner should post his notices, and before any work were done on the highway, a traveler should be injured, the statute would preclude recovery.

Hence, it is immaterial that the defective condition extending along the 75-foot stretch was not due to the work of the contractor and it is equally immaterial that the reconstruction of the surface had not already begun. The vital point is that in conformity with the statute, the Commissioner had posted the highway "for the purpose of construction, 'reconstruction or repair." Under these circumstances, the plaintiffs assumed the risk of injury to person and property.

Judgment may enter for the defendant.