ANGELO PAGARULE ET ALS.
*vs.*
D. V. FRIONE & CO., INC.

Superior Court        Hartford County        File No. 69584

MEMORANDUM FILED DECEMBER 3, 1943.

*Cornelius D. Shea,* of Hartford, for the Plaintiff.

*Warren Maxwell,* of Hartford, for the Defendant.

KING, J. This is a consolidated action, by three plaintiffs, claiming damages for personal injuries alleged to have been sustained by them when an automobile in which they were riding drove over an embankment extending over the traveled portion of a public highway under repair by the defendant as an independent contractor of the Town of Hartford wherein said highway was located.

The complaint charges liability for a nuisance, and in no way counts upon the defective highway statute (Gen. Stat. ·[1930] §1420). Its allegations are broad enough to permit proof of the actual creation of the nuisance as distinguished from any mere failure to repair conditions which, altho constituting a nuisance, arose or were created without fault or intervention on the part of the municipality or of the defendant. *Petrovich vs. Town of Ashford,* 9 Conn. Sup. 133, 135; *Bacon vs. Town of Rocky Hill,* 126 Conn. 402, 407.

The defendant's answer consists of what amounts to a general denial, and a special defense alleging, in effect, an assumption of risk based upon the provisions of section 1513 of the General Statutes, Revision of 1930, "as amended", relating to the posting of notices when certain highways are under repair. Strictly speaking this statute was not amended, but by section 516c of the 1935 Cumulative Supplement to the General Statutes its provisions were made applicable to town highways approved under the provisions of the so-called "Dirt Roads Act", chapter 79 of the 1935 Cumulative Supplement to the General Statutes. *McManus vs. Jarvis,* 128 Conn. 707, 709. To this special defense the plaintiffs have demurred on the ground that it is inapplicable to the complaint in this action because it sounds in nuisance.

The court will treat the demurrer as did counsel. *City of New Haven vs. New Haven Water Co.,* 118 Conn. 389, 403. So treated, the question raised (and that argued and briefed) is whether section 1513 applies to a nuisance such as is here alleged.

The demurrer, which is general, must be overruled unless the defense would be inefficacious as to any nuisance within the purview of the complaint. As already pointed out, the allegations of the complaint are broad enough to include a nuisance created by the positive acts of this defendant in connection with the reconstruction or repair of this highway under the "Dirt Roads Act." *Rodgers vs. Cox,* 11 Conn. Sup. 231.

Compliance with the provisions of the statute in question has been held to be an effective defense to an action for injuries caused by a defect in a highway, and to inure to the benefit of an independent contractor engaged in the repair of the highway. *Belhumuer vs. City of Bristol,* 121 Conn. 475, 477. That case, according to the wording of the opinion, involved an injury on a public State highway. *Id., 476.*

Subsequently, compliance with the statute was held to be an effective defense where the injuries were caused by the alleged negligence of an independent contractor in the operation of a truck used in the resurfacing, by the State Highway Commissioner, of a town highway, under the provisions of the so-called "Dirt Roads Act." *McManus vs. Jarvis, supra,* 711. In other words, the protection of the statute was held to include an injury which was in nowise caused by a defect in the surface of the highway. Indeed, in that case, the negligent operation of the truck by an employee of an independent contractor was not an act for which the municipal corporation or the Highway Commissioner could have been held liable at all. *Norwalk Gaslight Co. vs. Borough of Norwalk,* 63 Conn. 495, 525 *et seq.* The sole beneficiary of the statute in the *Jarvis* case was the independent contractor. *McManus vs. Jarvis, supra,* 711.

While the printing of the opinion of the *Jarvis* case was delayed, it appeared in volume 128 of the Connecticut Reports, and this volume came out in bound form in the fall of 1942, prior to the convening of the 1943 General Assembly. It is elementary that the General Assembly is presumed to know the printed opinions of our own Supreme Court of Errors. *Pomfret School vs. Town of Pomfret,* 105 Conn. 456, 462. Its failure to change the statute to restrict its operation to certain types of risks (in view of the pointed language on page 711 of the opinion in the *Jarvis* case) clearly shows a legislative agreement with the unrestricted operation accorded the statute in that opinion. *Madison vs. Morovitz,* 122 Conn. 208, 213.

This very important aid in the interpretation of the statute was not available to the court in *Donovan vs. Ardito,* 11 Conn. Sup. 353, because the decision in that case was rendered October 30, 1942, long before the convening of the 1943 session of the General Assembly. In that case a somewhat narrower interpretation was given to the statute in question.

The rationale of both the *Belhumuer* and *Jarvis* decisions is that but for the immunity afforded by the statute, (1) the cost of protection against liability (by insurance or added safeguards while work was in progress) would be passed on by independent contractors to the municipalities by which they were employed, and (2) that the alternative to this would be the absolute closing of highways under construction or repair and the absolute exclusion of the public therefrom, thus causing a great and unnecessary inconvenience to the travelling public.

The statute provides that, upon compliance with its provisions, "any person using such highway....shall do so at their own risk." Literally, this language covers any risk. It is not limited to risks of injury from conditions constituting a defect in a highway but, as pointed out in the *Jarvis* case (p. 711), covers risks extraneous to any liability of the town. There is no reason for inserting an implied exception removing the protection of the statute in the case of a nuisance of the type set forth in this complaint.

*Arguendo,* it may be conceded that under the Constitution a town cannot take the property of a person without fair compensation, and, so, that necessarily a town must be liable in damages if it authorizes the doing of any act which actually, directly and necessarily invades and destroys private property. *Mootry vs. Town of Danbury,* 45 Conn. 550, 558; *Colwell vs. City of Waterbury,* 74 *id.* 568, 573. But in this case there was no such authorized direct, actual and necessary invasion of the rights of these plaintiffs in either person or property (as by an authorized assault and battery or a direct flooding of land) in the constitutional sense, and it is therefore unnecessary to determine whether the statute should, or consonant with principles of constitutional law could, be construed to afford immunity, under the principle of assumption of risk, in such a situation. To the facts alleged in the complaint, construed most favorably to the plaintiff, proof of compliance with the statute, as alleged in the special defense, is an effective defense. It is a pure matter of statutory construction. "If the legislature intended to restrict the immunity to highway defects it could easily have expressed that intent quite clearly." *McManus vs. Jarvis, supra,* 711.

For the foregoing reasons the demurrer to the special defense of the answer is overruled.